**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audie J. Reynolds, ) | CV 11-08195-PCT-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Executive Trustee Services LLC; GMAC ) Mortgage LLC; U.S. Bank NA; Unknown ) Parties named as Does 1-1000, ) | |
| Defendants. ) | |

The court has before it defendants Executive Trustee Services and GMAC Mortgage's motion for notice of removal to be construed as timely filed (doc. 4). Plaintiff has not responded, and the time for responding has expired.

Plaintiff originally filed this action in the Superior Court of Arizona in Navajo County challenging defendants' ability to foreclose on his home. Both Executive Trustee Services and GMAC ("defendants") were served on November 8, 2011.[1] Defendants calculated the notice of removal filing deadline pursuant to 28 U.S.C. § 1446(b) as December 8, 2011. The notice of removal was filed with this court and was docketed on December 9, 2011 (doc. 1). Defendants move the court to construe their notice of removal as timely filed. They assert

---

[1] There is no indication in the record that defendant U.S. Bank NA has been served, and it has not yet appeared in this action.

1  that they tried to electronically file the notice on December 8, 2011, and submitted proof of
2  the court's receipt of the filing fee on that date.  On December 9, 2011, defendants received
3  notice from the Clerk that due to an omission of one step during the electronic filing process,
4  the notice of removal and exhibits were not received by the court until that day.  Defendants
5  state that the omission was inadvertent.

6        We agree with defendants that docketing of the notice of removal one day late will
7  not prejudice plaintiff.  Defendants transmitted a copy of the notice of removal to plaintiff
8  via regular mail on December 8, 2011, Notice of Removal at 5, and immediately took action
9  to rectify the electronic filing error once discovered.   Alternatively, because plaintiff failed
10 to respond to the motion, we may construe the lack of a response as a concession and grant
11 the motion summarily.  See LRCiv 7.2(i) ("if the unrepresented party. . . does not serve and
12 file the required answering memoranda. . . such non-compliance may be deemed a consent
13 to the denial or granting of the motion and the Court may dispose of the motion summarily").

14       **IT IS ORDERED GRANTING** defendants' motion to construe their notice of
15 removal as timely filed (doc. 4).

16       DATED this 28th day of December, 2011.

                                                          Frederick J. Martone
                                                           United States District Judge